IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-093-MOC-DCK

| | |
|---|---|
| HEAVEN L. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Summary Judgment" (Document No. 11) and "Defendant's Motion for Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion for Summary Judgment" be granted; that "Defendant's Motion for Summary Judgment" be denied; and that the Commissioner's decision be vacated.

**I.     BACKGROUND**

Plaintiff Heaven L. Lee ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about June 19, 2013, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning March 1, 2013. (Transcript of the Record of Proceedings ("Tr.") 17, 85, 92). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on August 22, 2013, and again after reconsideration on January 22, 2014. (Tr. 65, 74). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling. You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. Though you would have been unable to meet the functional demands of your past job as [a] cashier as you have described it, other information shows that you had the functional capacity to meet the functional demands of this job as it is generally performed. Therefore, based on all the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 74).

Plaintiff filed a timely written request for a hearing on February 7, 2014. (Tr. 17, 72). On December 1 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Theresa R. Jenkins (the "ALJ"). (Tr. 17, 653-671). In addition, Celena Earl, a vocational expert ("VE"), and Hal Griffin, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 10, 2016, denying Plaintiff's claim. (Tr. 17-29). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on April 4, 2017. (Tr. 5). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 2, 2017. (Document No. 1). On July 5, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion for Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum in Support of Motion for Summary Judgment" (Document No. 12) were filed

November 7, 2017; and "Defendant's Motion for Summary Judgment" (Document No. 13) and "Memorandum in Support of Defendant's Motion for Summary Judgment" (Document No. 14) were filed January 8, 2018. "Plaintiff's Response to Defendant's Motion for Summary Judgment" (Document No. 15) was filed January 19, 2018.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Max O. Cogburn, Jr., is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability

3

determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between March 1, 2013, and the date of the ALJ's decision.[1] (Tr. 17). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 27).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since March 1, 2013, her alleged disability onset date. (Tr. 19). At the second step, the ALJ found that fibromyalgia, migraines, peripheral neuropathy, bilateral lower extremity venous insufficiency, asthma, degenerative disc disease, radiculopathy, disc herniation, obesity, and anxiety were severe impairments.[2] (Tr. 20). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> the claimant can sit up to 4 hours and must be allowed to alternate between sitting and standing up to two times each hour. The claimant can occasionally use the bilateral lower extremities for pushing, pulling and operating foot controls. The claimant can frequently, but not constantly climb ladders, ropes, scaffolds, balance, kneel, crouch and crawl. The claimant should avoid workplace hazards as well as concentrated exposure to respiratory

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

> irritants. The claimant can sustain attention and concentration for two hours at a time and can follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace. The claimant should avoid work environments dealing with crises, complex decision making or constant changes in a routine setting.

(Tr. 21). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 SSRs 96-4p and 96-7p." Id. Further, the ALJ stated that she "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a cashier/checker (DOT 211.462-014) and a kitchen helper (DOT 318.687-010). (Tr. 27). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27). Specifically, the VE testified that according to the factors given by the ALJ, occupations Plaintiff could perform included cashier II (DOT 211.462-010), small part assembler (DOT 706.684-022), and shipping and receiving weigher (DOT 222.387-074). (Tr. 28). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 1, 2013, and the date of her decision, February 10, 2016. (Tr. 28-29).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ relied on VE testimony that appeared to conflict with the Dictionary of Occupational Titles ("DOT") without identifying the apparent conflicts and obtaining from the VE a reasonable explanation for the apparent conflicts; and (2) the ALJ, in determining Plaintiff's RFC, failed to

explain the conclusion that Plaintiff is able to sustain attention and concentration for two hours and failed to explain if Plaintiff's difficulties with maintaining activities of daily living and social function have any effect on Plaintiff's RFC. (Document No. 12, pp. 5-19). The undersigned finds that the first alleged error provides sufficient cause for remand.

**The VE Testimony**

The ALJ has a duty to address apparent conflicts between VE testimony and the DOT. See Pearson v. Colvin, 810 F.3d 204, 207-08 (4th Cir. 2015) (citing SSR 00-4p). The ALJ does not satisfy this duty simply because the VE answers "yes" when the ALJ asks if the VE's testimony is consistent with the DOT. Id. at 208. Rather, the ALJ must independently identify apparent conflicts, if any, between VE testimony and the DOT and then elicit from the VE an explanation for those apparent conflicts. Id. at 209. Only after the VE has provided a reasonable explanation for any apparent conflicts may the ALJ rely on the VE's testimony in deciding whether a claimant is disabled. Id. at 208 (citing SSR 00-4p).

In her first assignment of error, Plaintiff argues that the ALJ failed to identify apparent conflicts between the VE's testimony and the DOT and then to elicit from the VE an explanation for those apparent conflicts.[3] (Document No. 12, pp. 5-11). Plaintiff asserts three apparent conflicts that the ALJ failed to identify. (Document No. 12, pp. 7-11). First, Plaintiff asserts that because the DOT describes a small part assembler as requiring a Reasoning Level of 2 and a cashier II and a shipping and receiving weigher as requiring a Reasoning Level of 3, the VE's testimony that Plaintiff could perform those occupations appears to conflict with the RFC

---

[3] Plaintiff also argues that the ALJ failed to identify apparent conflicts between the VE's testimony and two other sources—namely, the O*Net and data from the Bureau of Labor Statistics ("BLS'). (Document No. 12, pp. 5-11). Because the undersigned recommends remand based solely on the ALJ's failure to identify apparent conflicts between the VE's testimony and the DOT, the undersigned will decline to consider whether the ALJ had a duty to identify apparent conflicts between the VE's testimony and the two other sources that Plaintiff names, and the undersigned offers no opinion on the issue.

7

limitations that Plaintiff can follow short, simple instructions.  (Document No. 12, pp. 7-8).  Second, Plaintiff asserts that because the DOT descriptions of those same three occupations "appear to be either a production job or have a demand pace," the VE's testimony that Plaintiff could perform these occupations appears to conflict with the RFC limitation that Plaintiff cannot do work that requires a "production rate or demand pace."  (Document No. 12, p. 9); see also (Tr. 21).  Third, Plaintiff asserts that because "the DOT does not specify the number of hours sitting and standing/walking that jobs require," the VE's testimony that Plaintiff could perform the three occupations that the VE identified appears to conflict with the RFC limitation that Plaintiff be able to sit up to four hours per day.  (Document No. 12, pp. 9-10).  Plaintiff concludes that because the ALJ failed to identify and elicit explanations for these apparent conflicts, the ALJ's finding that Plaintiff was not disabled is not supported by substantial evidence.  (Document No. 12, p. 11).

In response, Defendant argues that there are no apparent conflicts between the VE's testimony and the DOT.  (Document No. 14, pp. 4-12).  In making this argument, Defendant addresses each of Plaintiff's asserted conflicts.  (Document No. 14, pp. 5-12).  First, Defendant asserts, based on this Court's decision in Keller v. Berryhill, No. 5:17-cv-1-FDW, 2017 WL 3710085 (W.D.N.C. Aug. 28, 2017), that the Level 2 reasoning required of a small part assembler and the Level 3 reasoning required of a cashier II and a shipping and receiving weigher create no apparent conflict with the RFC limitation that Plaintiff can follow short, simple instructions.  (Document No. 14, pp. 5-6) (citing 2017 WL 3710085, at *3).  Second, Defendant asserts that Plaintiff's arguments as to what the three VE-identified occupations require or might require create no apparent conflict between the VE's testimony and the RFC limitation that Plaintiff cannot do work that requires a production rate or demand pace.  (Document No. 14, pp. 7-10).  With respect to the job of small part assembler in particular, Defendant cites Kelly v. Astrue, No. CV 11-3295

8

JCG, 2012 WL 1439354 (C.D. Cal. Apr. 26, 2012), in support of the position that no apparent conflict exists between the limitation of no jobs requiring a production rate or demand pace and the VE testimony that Plaintiff could perform the occupation of small part assembler. (Document No. 14, p. 8) (citing 2012 WL 1439354, at *3). Third, Defendant asserts, based on this Court's decision in Lusk v. Astrue, No. 1-11-cv-196-MR, 2013 WL 498797 (W.D.N.C. Feb. 11, 2013), that just because the DOT does not address whether an occupation allows for a sit-stand option does not create an apparent conflict with the RFC limitation that Plaintiff must be able to sit for up to four hours per day. (Document No. 14, pp. 10-12) (citing 2013 WL 498797, at *5).

For the reasons discussed below, the undersigned finds that the ALJ's failure to identify and elicit an explanation for apparent conflicts between the VE's testimony and the DOT warrants remand.

First, the undersigned finds that the ALJ failed to identify an apparent conflict between the VE's testimony that a person limited to short, simple instructions could perform work as a cashier II (DOT 211.462-010) and a shipping-and-receiving weigher (DOT 222.387-074) and the DOT description of these occupations, which identify them as requiring a Reasoning Level of 3. The undersigned recognizes—as Defendant points out—that in Keller, another judge in this district held that no apparent conflict exists between a limitation to short, simple instructions and an ability to perform an occupation requiring a Reasoning Level of 3. 2017 WL 3710085, at *3. That said, the undersigned finds, particularly in light of this Court's decision in Bethea v. Berryhill, No. 5:17-cv-145-MOC, 2018 WL 1567356 (W.D.N.C. Mar. 30, 2018), that the ALJ failed to identify an apparent conflict between a limitation to short, simple instructions and an ability to perform an occupation requiring a Reasoning Level of 3. See 2018 WL 1567356, at *4 (holding that an apparent conflict requiring further explanation exists between simple, routine, repetitive work and

9

jobs requiring a Reasoning Level of 3); see also Lorch v. Berryhill, No. 3:16-cv-076-RJC, 2017 WL 1234203, at *5 (W.D.N.C. Mar. 31, 2017) (same); Adkins v. Berryhill, No. 1:15-cv-001-RLV, 2017 WL 1089194, at *4 (W.D.N.C. Mar. 21, 2017) (same).[4]

Second, the undersigned finds that the ALJ failed to identify an apparent conflict between the VE's testimony that a person limited to jobs not requiring a production rate or demand pace could perform work as a small part assembler (DOT 704.684-022) and the DOT's description of that occupation. In making this finding, the undersigned notes and incorporates the following persuasive language from this Court's decision in Lorch:

> Small-parts assembler … [does not have] a specific production expectancy or requirement. Nevertheless, [the occupation] seem[s] to entail production. Thus, [the job description] seem[s] to conflict with the ALJ's RFC finding and, consequently, the VE's testimony in response to the ALJ's hypothetical. Defendant asks the Court to rely on a Central District of California case [Kelly v. Astrue,] which affirmed an ALJ's decision and found no conflict because small-products assembler … [does] not have a requirement of any production expectancy and the VE testified that the [job] require[s] production but not high production quotas. But therein lies the rub. The ALJ in that matter asked the VE whether an apparent conflict existed[,] and upon … questioning[, the VE] explained the apparent conflict … Neither the Court nor the ALJ can rely on VE testimony in another matter in another district even if the testimony may wind up being the same. If that were the case, the requirements of SSR 004-p would serve little purpose. Accordingly, the ALJ erred by failing to identify an apparent conflict and obtain a reasonable explanation.

2017 WL 1234203, at *5 (internal quotation marks and citations omitted).

---

[4] While the undersigned finds that the ALJ failed to identify an apparent conflict between a limitation to short, simple instructions and an ability to perform an occupation requiring a Reasoning Level of 3, and while the undersigned ultimately recommends that Plaintiff's case be remanded, the undersigned notes—out of an abundance of caution—that this memorandum and recommendation should not be construed as accepting or endorsing Plaintiff's apparent argument that there is an apparent conflict between a limitation to short simple, instructions and an ability to perform an occupation requiring a Reasoning Level of 2.

10

In short, the undersigned finds, for all three VE-identified occupations, that the ALJ failed to recognize an apparent conflict between the VE testimony that a person with Plaintiff's RFC limitations could perform these occupations and the DOT description of these occupations. Because all three occupations that the VE identified have an apparent conflict with Plaintiff's RFC that the ALJ did not identify, remand is appropriate. Lorch, 2017 WL 1234203, at *6.

## IV. CONCLUSION

In short, the undersigned is not persuaded that the ALJ's decision is supported by substantial evidence and applies the correct legal standards. Accordingly, the undersigned will recommend that the decision be vacated, and that the case be remanded.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion for Summary Judgment" (Document No. 11) be **GRANTED**; the "Defendant's Motion For Summary Judgment" (Document No. 13 be **DENIED**; the Commissioner's determination be **VACATED**; and this matter be **REMANDED** for further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: July 20, 2018

David C. Keesler
United States Magistrate Judge