UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-93

| | |
|---|---|
| **HEAVEN L. LEE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days (plus three days for service by mail inasmuch as plaintiff is proceeding *pro se*), all in accordance with 28 U.S.C. § 636(b)(1)(c). Objections have been filed within the time allowed.

**I.   Applicable Standard**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute

-1-

does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

The court will first consider defendant's objection that the magistrate judge wrongly found an apparent and unresolved conflict existed between plaintiff's limitation to short, simple instructions and the job requirement of Level 3 reasoning. Defendant's objection rests on Keller v. Berryhill, 2017 WL 3710085 (W.D.N.C. August 28, 2017), where the court found that no conflict exists between Level 3 and a limitation of short, simple instructions. However, that is not the only case that covers this subject. The Fourth Circuit has yet to provide binding precedent on this issue, and in examining persuasive precedent elsewhere, the court has found that a circuit split exists. Compare Zavalin v. Colvin, 778 F.3d 842, 846-47 (9th Cir. 2015) (finding an apparent conflict exists) and Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (same) with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (finding no apparent conflict exists) and Hillier v. Soc. Sec. Admin., 486 F.3d 359, 367 (8th Cir. 2007) (rejecting a *per se* conflict but noting tension between GED Level 3 and simple, routine, repetitive tasks). Indeed, even this district's case law is split on the matter. Compare Lorch v. Berryhill, 2017 WL 1234203 (W.D.N.C. 2017) (finding an apparent conflict exists) and Adkins v. Berryhill, 2017 WL 1089194 (W.D.N.C. 2017) (same) with Davis v. Berryhill, 2017 WL 4248811 (W.D.N.C. 2017) (finding no apparent conflict), Martin v. Colvin, 2015 WL 9094738 (W.D.N.C. 2015) (same) and Carringer v. Colvin, 2014 WL 1281122 (W.D.N.C. 2014) (same). Most recently, this court found a conflict exists. See Bethea v. Berryhill,

2018 WL 1567356 (W.D.N.C. Mar. 30, 2018). As such, the court finds that the magistrate judge <u>correctly</u> applied precedent in this matter and that an apparent conflict does exist, and will thus overrule defendant's objection to this finding.

The court now considers defendant's second objection that the magistrate judge wrongly found an apparent and unresolved conflict between the limitation of no production rate or demand pace and the Dictionary of Occupational Titles' ("DOT") description of the small parts assembler job. Defendant argues that a job involving work on an assembly line does not necessarily or apparently indicate the work must be performed at a production rate or demand pace. <u>See</u> <u>Kelly v. Astrue</u>, 2012 WL 1439354, at *3 (C.D. Cal. Apr. 26, 2012). However, contrary to defendant's assertion, this court already dealt with this precise issue with the exact same job, as noted by the magistrate judge in his recommendation, and the court sees no reason to change that decision. <u>See</u> <u>Lorch</u>, 2017 WL 123420, at *5 (holding that the occupation of small-parts assembler "seem[s] to entail production" and an apparent conflict exists, as the <u>Kelly</u> decision is distinguishable and not binding). Therefore, the court will overrule defendant's second objection.

Ultimately, after such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#16) is **AFFIRMED**, plaintiff's Motion for Summary Judgment (#11) is **GRANTED**, defendant's Motion for Summary Judgment (#13) is **DENIED**, and this action is **REVERSED AND REMANDED** for further proceedings consistent with this opinion and the Memorandum and Recommendation of the Magistrate Judge, which is fully incorporated herein.

Signed: August 23, 2018

Max O. Cogburn Jr.
United States District Judge